William D. Hyslop
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GERALDINE MICHELLE NEWELL,<br><br>Defendant. | 2:18-CR-00221-WFN<br><br>Plea Agreement |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, and Defendant Geraldine Michelle Newell and the Defendant's counsel, Roger Peven, agree to the following Plea Agreement:

1)  <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, Geraldine Michelle Newell, agrees to plead guilty to Count 3 of the Indictment filed on December 4, 2018, charging the Defendant with Filing a False Tax Return in violation of 26 U.S.C. § 7206(1) for tax year 2015. The Defendant understands that the count is Class E Felony which carries a maximum penalty of: not more than a 3-year term of imprisonment; a fine not to exceed $100,000; not more than a 1-year term of supervised release; restitution; and a $100 special penalty assessment (each count).

*United States v. Geraldine Michelle Newell Plea Agreement - 1*

The Defendant, Geraldine Michelle Newell, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2) <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

3) <u>Waiver of Constitutional Rights</u>:

The Defendant, Geraldine Michelle Newell, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a)    The right to a jury trial;

    b)    The right to see, hear and question the witnesses;

    c)    The right to remain silent at trial;

    d)    The right to testify at trial; and

*United States v. Geraldine Michelle Newell Plea Agreement - 2*

e)  The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4)  Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Filing a False Tax Return, in violation of 26 U.S.C. § 7206(1), the United States would have to prove beyond a reasonable doubt the following elements for the charged tax year 2015:

*First*, the Defendant, Geraldine Michelle Newell, in the Eastern District of Washington, made and signed a U.S. Income Tax Return for an S Corporation (Form 1120S) that she knew contained false information as to a material matter;

*Second*, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

*Third*, in filing the false tax return, the Defendant acted willfully.

5)  Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Geraldine Michelle Newell's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

The Defendant, Geraldine Michelle Newell, is an attorney who owned Center 4 Law, LLC, a corporate entity under which the Defendant provided legal services to clients. On or about September 20, 2016, the Defendant filed and caused to be filed

*United States v. Geraldine Michelle Newell Plea Agreement -* 3

with the United States Internal Revenue Service ("IRS") a false Form 1120S for Center 4 Law, LLC, in which the Defendant understated gross receipts by over $500,000 for tax year 2015. The Defendant further filed and caused to be filed with the IRS a false and fraudulent Form 1040 for tax year 2015.

The Form 1120S and Form 1040 for tax year 2015 was verified by written declaration that they were made under the penalties of perjury, and the Defendant did not then believe them to be true, correct and complete as to every material matter, as she then knew that Center 4 Law, LLC's applicable gross receipts were substantially in excess of the amount reported.

6) <u>The United States Agrees</u>:

a) <u>Dismissal(s)</u>:

At the time of sentencing, the United States agrees to move to dismiss Counts 1, 2, and 4 of the Indictment which charges the following violations of law:

*Count 1*: Bank Fraud, in violation of 18 U.S.C. §1344(2);

*Count 2*: Bank Fraud, in violation of 18 U.S.C. §1344(2); and

*Count 4*: Filing a False Tax Return, in violation of 26 U.S.C. § 7206(1).

b) <u>Not to File Additional Charges</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement any time before sentencing.

7) <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

//

a) <u>Base Offense Level</u>:

The parties make no agreement as to the base offense level. *See* USSG §§2T1.1 and 2T4.1.

b) <u>Specific Offense Characteristics</u>:

The United States believes that the base offense is increased by an additional two (2) levels because the Defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity. *See* USSG §2T1.1(b)(1). The United States may argue for the application of any other specific offense characteristic it deems appropriate.

The Defendant may object to the application of any specific offense characteristics.

c) <u>Victim-Related Adjustments</u>:

The parties may argue for or against the application of any victim related adjustments as they deem appropriate.

d) <u>Abuse of Position of Trust or Use of Special Skill</u>:

The United States believes that the base offense is increased by an additional two (2) levels because the Defendant abused a position of trust. *See* USSG §3B1.3.

e) <u>Acceptance of Responsibility</u>:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than January 15, 2020, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to USSG §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of

*United States v. Geraldine Michelle Newell Plea Agreement - 5*

sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

g) Final Adjusted Offense Level

The United States and Defendant make no agreement as to the final adjusted offense level.

h) Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

8) Departures and Variances:

The Defendant intends to request a downward departure or variance from the sentencing guidelines. The United States reserves its right to oppose any downward departure or variance.

9) Incarceration:

The United States agrees to recommend that the Court impose a sentence at the low-end of the applicable sentencing guideline range as determined by the Court. The Defendant may recommend any sentence she deems appropriate.

10) Criminal Fine:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

11) Supervised Release:

The United States and the Defendant agree to recommend that the Court impose a 1-year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

*United States v. Geraldine Michelle Newell Plea Agreement - 6*

a) that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer.

b) that the Defendant provide financial information, provide copies of Federal income tax returns and allow credit checks, at the direction of the Probation Officer;

c) that the Defendant shall disclose all assets and liabilities to the Probation Officer and shall not transfer, sell, give away, or otherwise convey or secret any asset of a value exceeding $1,000, without the advance approval of the Probation Officer;

   i) the above provision does not apply to the transfer of currency or money instruments in excess of $500. Any transfer or conveyance of currency or money instruments in an amount in excess of $500 to another individual requires the advance approval of the Probation Officer.

d) that the Defendant be prohibited from incurring any new debt, opening new lines of credit, or enter any financial contracts or obligations without the prior approval of the Probation Officer;

e) that the Defendant participate and complete financial counseling and life skills programs at the direction of the Probation Officer; and

f) that the Defendant voluntarily surrender her license to practice law in the State of Washington and any other state for the entirety of the 1-year term of supervised release.

12) **Restitution**:

The Defendant agrees that, pursuant to 18 U.S.C. §3663(a) and 3664, she owes restitution in an amount in excess of $200,000, to be determined by the Court at sentencing, to the Internal Revenue Service ("IRS") for the federal income taxes for tax periods ending December 31, 2015 through December 31, 2016.

With respect to restitution, the parties further agree:

a) The parties agree the Court will set a payment schedule based on Defendant's financial circumstances. *See* 18 U.S.C. §3664(f)(2), (3)(A). The parties

also agree that the interest on this restitution amount should be waived. Defendant agrees to pay on a monthly basis not less than ten-percent of her net monthly income.

b) Defendant understands that any monetary debt Defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset Defendant's federal retirement benefits, tax refunds, and other federal benefits. Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

c) Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein within five days of the scheduled presentence report interview as scheduled by the United States Probation Officer, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. The parties agree that Defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G §3E1.1.

d) Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before Defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships and corporations. This obligation ceases when the restitution is paid-in-full.

e) The Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full. The Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(F). This obligation ceases when the restitution is paid-in-full.

13) <u>Final Determination of Tax Liability</u>

The Defendant's final federal tax liability, along with any penalties and interest, will be determined in coordination with IRS after the Defendant's hearings in this matter.

The Defendant, through her representatives and as a condition to the plea agreement, agrees to cooperate with IRS in determining her final federal income tax liabilities, including penalties and interest. The Defendant agrees to file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed, including returns for tax years 2015 and 2016 for Center 4 Law, LLC and the Defendant's individual income tax returns. The Defendant agrees to provide to the IRS all financial information necessary to determine the Defendant's prior tax labilities. The Defendant also agrees to make a good-faith effort to pay all delinquent and additional taxes, interest, and penalties.

The Defendant agrees that she will sign any IRS forms deemed necessary by the IRS to enable the IRS to receive the amount the Defendant agrees to pay as restitution under this Plea Agreement. The Defendant also agrees to sign IRS Form 8821, "Tax Information Authorization." Neither the existence of a restitution payment schedule nor the Defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331. The parties agree that the amount of restitution paid by the Defendant, in accordance with paragraph 12 will be

held in abeyance by the IRS until final assessments of tax due and owing are made by the IRS as to the Defendant and her related entities. At that time the restitution paid by the Defendant under paragraph 12 of this agreement will be applied toward those tax liabilities in the most effective manner as determined by the IRS. The Defendant reserves the right to pursue all applicable civil administrative and judicial remedies with the IRS should she dispute the IRS's tax liability findings and conclusions, except as to the federal income tax liability arising from Counts 3 and 4 of the Indictment, to wit: the federal income tax liability associated with the conduct described in paragraph 5 of this Plea Agreement.

The Defendant will receive full credit for amounts paid as restitution under this Plea Agreement towards the IRS's final determination of the Defendant's federal income tax liability, penalties, and interest. If IRS determines that the Defendant's final federal income tax liabilities and any applicable interest and penalties is less than the restitution amount specified above, the United States agrees to file a motion to reduce the restitution amount to the amount determined by the IRS.

The Defendant understands that she is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to her particular liability.

14)    <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

15)    <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these

*United States v. Geraldine Michelle Newell Plea Agreement - 10*

obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17) <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

18) <u>Appeal Rights</u>:

Defendant understands that she has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives her right to appeal her conviction and the sentence the Court imposes, including any restitution order, if the Court imposes a prison term of no longer than the low-end of the applicable advisory guideline range as determined by the Court at sentencing or the Court orders the restitution in the amount requested by the United States or less. Defendant further expressly waives her right to file any post-conviction motion attacking her conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

19) <u>Hyde Amendment Waiver</u>:

The Defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

//
//
//
//

20) <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

### Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

_____    1/15/2020
Patrick J. Cashman                                Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____     1/15/2020
Geraldine Michelle Newell                    Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____     1.15.2020
Roger Peven                                   Date
Attorney for the Defendant

*United States v. Geraldine Michelle Newell Plea Agreement -* 13