Roger J. Peven
Law Office of Roger J. Peven
1408 W. Broadway
Spokane, WA 99201
Telephone: 509.323.9000
Email: rjpeven@gmail.com

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON
HONORABLE WM. FREMMING NIELSEN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GERALDINE MICHELLE NEWELL<br><br>Defendant | No. CR-18-221-WFN-1<br><br>PSIR OBJECTIONS<br><br>SENTENCING: JUNE 4, 2020 AT 10:30 A.M |

TO:  William Hyslop, United States Attorney E. Dist. WA

Patrick J. Cashman, Assistant United States Attorney

**I.    Introduction and Relevant Factual Basis**

Ms. Newell was charged by Indictment dated December 4, 2018 with two counts of Bank Fraud, in violation of 18 U.S.C. §1344(2) and two

Objections to the PSIR

1

counts of Filing False Tax Returns in violation of 26 U.S.C. §7206(1) as well as forfeiture allegations.  ECF No. 1.

Ms. Newell entered a plea of guilty to Count Three of the Indictment, Filing a False Tax Return in violation of 26 U.S.C. §7206(1) for tax year 2015.  ECF No. 77.  The charge has a maximum of three years imprisonment, a fine not to exceed $100,000, not more than 1 year term of supervised release, restitution and $100.00 special penalty assessment.

Ms. Newell agreed that the following facts are accurate and form the basis of the plea of guilty: Ms. Newell filed a false Form 1120S for 2015 for Center 4 Law, LLC in which gross receipts were understated by $500,000 and Ms. Newell further filed a false and fraudulent Form 1040 for tax year 2015.  Key terms of the plea agreement are as follows: at the time of sentencing, the United States will dismiss counts one, two and four; the United States agrees to file no further charges out of this conduct; the parties make no agreement on base offense level; the United States believes that the base offense level is increased by an additional two levels because Ms. Newell failed to report or correctly identify the source of income exceeding $10,000 in any year from criminal activity (USSG 2T1.1(b)(1); the parties may argue for victim related adjustments; the United States believes the base offense level is increased by an additional two levels because Ms. Newell abused a position of trust (USSG 3B1.3). The United States and Defendant have no agreements as to the United States Sentencing Guidelines.  The United States agrees to make a recommendation at the low end of the the applicable guideline range as determined by the Court and the defendant reserves to ask for departures

Objections to the PSIR

and variances. Restitution to the IRS was agreed by Ms. Newell in an amount in excess of $200,000 to be determined by the Court at the time of sentencing.

## II.     Objections to the Presentence Investigation Report

**1. Offense Conduct, paragraphs 15:**

Ms. Newell objects to the characterizations in this paragraph and the last sentence as well. Ms. Newell's transfers from IOLTA account to operating accounts is not relevant for purposes of this offense nor is it relevant conduct. The paragraph includes the characterization that Ms. Newell was using funds to "enrich" her lifestyle and cites things such as a new residence, recreational vehicles, and a food truck. Ms. Newell cares for both her mother and Ms. Bourgeois and the two women reside in the residence while Ms. Newell lives in the RV on site. The purchases were designed to benefit Ms. Newell, her mother, and Ms. Bourgeois who continues to enjoy living with Ms. Newell. The last sentence of the paragraph should be struck as it is not relevant as to Ms. Newell's transfers in banking from her IOLTA account with other clients.

**2.     Offense Conduct, paragraphs 31-33:**

Ms. Newell objects to this paragraphs relating to Ms. Devincentis. These details provided by Ms. Devincentis are unverified and are not central to the charge in the Indictment.

**3.     Offense Conduct paragraph 36**:

The details contained in paragraph 36 form the basis of Counts One and Two. Ms. Newell denies that she wrote checks to herself improperly

and does not agree that she earned $311,210.00 yet took $1,123,403.71. Ms. Newell objects to the inclusion of this paragraph.

    **4.    Specific Offense Characteristic, paragraph 46**:

Ms. Newell objects to specific offense characteristic that she failed to report a source of income exceeding $10,000 from criminal activity under USSG §2T1.1(b)(1). Application Note Four states that "criminal activity" means any conduct constituting a criminal offense under federal, states, local, or foreign law. Ms. Newell objects to the application of this guideline. Ms. Newell's position has remained consistent throughout this investigation: she did not commit bank fraud and did not commit any criminal activity with regards to Ms. Bourgeois. Ms. Newell had a system of accounting that she had created to track expenses for Ms. Bourgeois for either her house remodeling project or her health care. Ms. Newell did not put comments in the memo except to assist her in remembering what the check was written for.

In the case of these two checks Ms. Newell states that she First, would often wait several months for payment meaning funds were not always readily available. If Ms. Newell wrote a check for payment of services provided by her, most of the time it was entered onto Ms. Bourgeois's billing statement at that same time and therefore there is not a memo notation for Ms. Newell.

However, at times when Ms. Newell didn't input on Ms. Bourgeois's statement at the same time, the memo reminded Ms. Newell of whether it should be posted to Ms. Bourgeois's personal care statement or her house project statement. It merely reminded Ms. Newell that the fees included in

the check were for time reimbursement related to one billing statement over another and included time expended on that issue.

Now as for any notations on checks for medical expenses, Ms. Newell would pay and continue to pay out of her own pocket for all medical expenses and any devices, prescriptions, co-pays etc despite the fact that the contract in place provides that Ms. Newell can itemize and bill for those additional expenses.  At the time period connected to the indictment period, there was a point in time that for Ms. Newell's own memory, she may have made a payment for personal care and noted (to herself) that Ms. Newell had also been reimbursed for an expense.  Now ultimately, Ms. Newell has chosen not to go back and itemize and charge the additional funds for those expenses.

There is no clear evidence that this guideline application applies as there is no evidence of income exceeding $10,000 from any criminal activity.

**5.    Victim Related Adjustment paragraph 47:**

Ms. Newell objects to the application of this guideline provision. USSG §3A1.1(b)(1).  Application Note 2 states subsection (b) applies to a "person who is a victim of the offense of conviction and any conduct for which the defendant is accountable under §1B1.3.  Ms. Bourgeois is not a victim of the offense of conviction.  For Filing a Tax Return, the victim is the United States and specifically the United States Treasury.  This guideline provision does not apply to Ms. Newell.

**6.    Adjustment for Role in the Offense, paragraph 48**:

Objections to the PSIR

5

Ms. Newell objects to the application of this guideline provision. USSG §3B1.3 states if the defendant abused a position of public or private trust or used a special skill in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels.  "Special Skill" can refer to lawyers.  Application Note 4.  However, Ms. Newell did not use any special skill in the commission of this offense.  No matter the business, all businesses must file returns.  Ms. Newell's conduct with regards to the false tax return was not at all connected to her licensing as an attorney.  Ms. Newell's status as an attorney did not significantly facilitate the commission or concealment of this offense.

Ms. Newell submits the Base Offense Level is 18 with a three level adjustment for acceptance of responsibility for a **Final Offense Level of 15**.  Her **Criminal History Category is I**.  The **Advisory Guideline Range is 18-24 months**.

    7.    **Other Arrests, paragraphs 63-66**:

Ms. Newell objects to the inclusion of the detailed factual recitation in paragraphs 63-66.  The Third Degree Malicious Mischief conduct was dismissed and the details were never litigated in Court.  Ms. Newell does not believe these facts are accurate and requests they be removed as the charges were dismissed.

    8.    **Personal and Family Data, paragraph 68:**

Ms. Newell notes that William Welker passed away in January 1996.

    9.    **Personal and Family Data, paragraph 69:**

Ms. Newell's sister's name is spelled Teresa Jo Rice.

    10.    **Personal and Family Data, paragraph 70**;

Objections to the PSIR

The incident where the police came to the house did not involve a gun.

**11.   Personal and Family Data, paragraph 72**;

Ms. Newell moved to Ohio, not North Dakota.

### III.   Conclusion

Ms. Newell submits the following objections and corrections to the Draft PSIR.  A sentencing memo with additional details surrounding Ms. Newell, her relationship to Ms. Bourgeois, and requested variances from the advisory guideline range will follow.

Respectfully Submitted this 10th day of May, 2020.

><u>s/ Roger J. Peven</u>
>WA 6251
>Attorneys for Newell
>Law Offices of Roger J. Peven
>1408 W. Broadway
>Spokane, Washington 99201
>Telephone: (509) 323-9000
>Email: <u>rjpeven@gmail.com</u>

### CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Patrick Cashman, Assistant United States Attorney.

>s/ Roger J. Peven
>WA 6251
>Attorneys for Newell
>Law Offices of Roger J. Peven
>1408 W. Broadway
>Spokane, Washington 99201
>Telephone: (509) 323-9000
>Email: rjpeven@gmail.com